IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

LAURIE PUGH,

                Plaintiff,

v.                                              Civil Action No. 3:21cv128

COSTCO WHOLESALE CORPORATION
999 Lake Drive
Issaquah, Washington 98027-8990

        Serve:  CT Corporation System (Registered Agent)
               4701 Cox Road, Suite 285
               Glen Allen, Virginia 23060

                Defendant.

## **COMPLAINT**

COMES NOW Plaintiff Laurie Pugh ("Plaintiff"), by counsel, and states as follows for her Complaint against Defendant Costco Wholesale Corporation ("Defendant"), for damages resulting from its negligent maintenance of its premises:

### **NATURE OF ACTION, JURISDICTION, AND VENUE**

1.      This is a personal injury action arising as a result of a slip-and-fall incident that occurred on May 5, 2019 at Defendant's warehouse located at 1401 Mall Drive, North Chesterfield, Virginia 23235.

2.      Diversity jurisdiction exists in this case pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because the events underlying this action occurred within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division.

## THE PARTIES

4.      Plaintiff, age 54, is and was at all relevant times a resident of Chesterfield, Virginia.

5.      At all times relevant herein, Defendant was and continues to be a Washington corporation, authorized to conduct and conducting business in the Commonwealth of Virginia, with its principal office located at 999 Lake Drive, Issaquah, Washington 98027.

## FACTS

6.      On May 5, 2019, Defendant was the owner and operator of a warehouse located at 1401 Mall Drive, North Chesterfield, Virginia 23235.  On that date, Plaintiff and her husband went into Defendant's warehouse to shop as invitees.

7.      As Plaintiff was proceeding down one of the aisles within the warehouse, she slipped and fell on a collection of water that had accumulated in the middle of the aisle, having dripped down from an air conditioning unit in the roof above.  In the puddle of water was a cardboard box top; however, there were no warning signs or other devices to warn customers of the presence of the water.

8.      After Plaintiff's fall, a Costco employee believed to be named "Jack," and further believed to be the warehouse manager, arrived upon the scene.  "Jack" stated that he had been aware of the dripping water that had fallen from above, and that he had been the individual who had placed the cardboard box top on the ground to try and catch the water.  "Jack" further stated that he would go retrieve a trash can to catch additional water.

9.      The following pictures of the scene, taken after Plaintiff's fall, and after "Jack" had brought in a trash can, reflect the extensive presence of water on the floor:

2





10.     At the time of Plaintiff's fall, one or more Costco employees, including at a minimum "Jack," knew that: (a) there was water on the floor; and (b) the water was a dangerous and unsafe condition.

4

11.     At the time of Plaintiff's fall, these Costco employees, including at a minimum "Jack," were acting within the course and scope of their agency, service, and/or employment with Costco, and as agents, servants, and/or employees of Costco.

12.     At the time of Plaintiff' fall, there were no warning signs or devices alerting customers that there was water on the floor.

13.     At all times relevant herein, upon information and belief, Costco hired people who were responsible to keep the walking surfaces at the premises safe (hereinafter "employees").  These responsibilities, included, but were not limited to:

   a.   Preventing collections of water on the walking surfaces at the premises;
   b.   Inspecting the premises to discover collections of water on the walking surfaces at the premises;
   c.   Removing collections of water on the walking surfaces at the premises as soon as possible; and
   d.   Warning customers and members of the premises of collections of water on the walking surfaces at the premises that could not be removed.

14.     At all times relevant herein, Defendant, its employees, agents, and servants, and each of them, had a duty to keep the warehouse premises safe.

15.     At all times relevant herein, Defendant, its employees, agents, and servants, and each of them, had a duty to prevent dangerous and unsafe conditions from being present on its premises.

16.     At all times relevant herein, Defendant, its employees, agents, and servants, and each of them, had a duty to inspect its premises to discover dangerous and unsafe conditions.

17.     At all times relevant herein, Defendant, its employees, agents, and servants, and each of them, had a duty to fix dangerous and unsafe conditions on its premises of which it was or should have been aware.

18.     At all times relevant herein, Defendant, its employees, agents, and servants, and each of them, had a duty to clean spills of water on its floors of which it was aware or should have been aware as soon as possible.

19.     At all times relevant herein, Defendant, its employees, agents, and servants, and each of them, had a duty to warn of dangerous and unsafe conditions on its premises of which it was or should have been aware that could not be fixed.

20.     At all times relevant herein, Defendant, its employees, agents, and servants, and each of them, had a duty to warn of spills of water on its floors of which it was aware or should have been aware that could not be cleaned.

21.     Defendant, its employees, agents, and servants, and each of them, breached these duties by choosing not to keep its premises safe.

22.     Defendant, its employees, agents, and servants, and each of them, breached these duties by choosing not to prevent dangerous and unsafe conditions from being present on its premises.

23.     Defendant, its employees, agents, and servants, and each of them, breached these duties by choosing not to inspect its premises to discover dangerous and unsafe conditions.

24.     Defendant, its employees, agents, and servants, and each of them, breached these duties by choosing not to fix dangerous and unsafe conditions on its premises of which it was or should have been aware.

25.     Defendant, its employees, agents, and servants, and each of them, breached these duties by choosing not to clean spills of water on its floors of which it was or should have been aware as soon as possible.

26.     Defendant, its employees, agents, and servants, and each of them, breached these

duties by choosing not to warn of dangerous and unsafe conditions on its premises of which it was or should have been aware that could not be fixed.

27.     Defendant, its employees, agents, and servants, and each of them, breached these duties by choosing not to warn of spills of water on its floors of which it was aware or should have been aware that could not be cleaned.

28.     As a direct and proximate result of the negligence of Defendant, its employees, agents, and servants, and each of them, Plaintiff was injured and suffered damages.

<u>COUNT I -- NEGLIGENCE</u>

29.     Plaintiff restates and incorporates herein the allegations set forth in Paragraphs 1 through 28 of the Complaint.

30.     At all relevant times herein, Defendant had a non-delegable duty to maintain its premises in a reasonably safe condition.

31.      Further, it was Defendant's duty to use reasonable care in managing, inspecting, designing, configuring, leasing, clearing, cleaning, and maintaining the premises, and to use ordinary care to have the premises in a reasonably safe condition, and to use ordinary care to correct or warn an invitee of any unsafe condition that Defendant knew about or should have known about.

32.     The water referenced above was a dangerous and unsafe condition on Defendant's property, and Defendant was aware and had notice of the dangerous and unsafe condition, and Plaintiff slipped and fell as a result of the dangerous and unsafe condition.

33.     The Plaintiff's fall was directly and proximately caused by carelessness, recklessness, and negligence of Defendant in constructing, managing, inspecting, designing, configuring, leasing, clearing, cleaning, and maintaining the premises, and in Defendant's failure

to use ordinary care to have the premises in a reasonably safe condition, and failure to warn the Plaintiff of the dangerous or unsafe conditions.

34.     Defendant is liable for the negligence of any of its employees, agents, and/or servants under the doctrine of *respondeat* superior, who contributed to allowing the dangerous and unsafe condition to remain and/or form.

35.     As a direct and proximate result of the aforesaid negligence of Defendant, the aforementioned incident occurred and Plaintiff suffered the following damages: severe injuries; physical pain and mental anguish, including past, present, and that which she may reasonably be expected to suffer in the future; inconvenience, including past, present, and that which she may reasonably be expected to suffer in the future; medical expenses, including past, present, and that which she may reasonably be expected to suffer in the future; loss of past and future income; and other damages as allowed by law.

WHEREFORE, the Plaintiff, Laurie Pugh, respectfully prays for judgment and an award of execution against Defendant Costco Wholesale Corporation in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus pre-judgment interest from May 5, 2019 to the present and post-judgment interest, plus costs and other relief as may be warranted.

**TRIAL BY JURY IS DEMANDED.**

DATED: March 2, 2021.

LAURIE PUGH

By: /s/ Mark Dennis Dix
         Counsel

8

Mark D. Dix [VSB No. 42718]
COMMONWEALTH LAW GROUP, PLLC
3311 West Broad Street
Richmond, Virginia 23230
Tel.: (804) 999-9999
Fax: (866) 238-6415
Email: mdix@hurtinva.com

*Counsel for Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LAURIE PUGH | COSTCO WHOLESALE CORPORATION |

**(b)** County of Residence of First Listed Plaintiff    Chesterfield
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark D. Dix, Esquire, Commonwealth Law Group, PLLC,
3311 W. Broad St., Richmond VA 23230 (804) 999-9999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Action for personal injuries arising from slip-and-fall on Defendant's premises.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$500,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE
3/2/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



ACCOUNT ENDING - 13008

Platinum Card®

CARD MEMBER

MARK DIX

# Card Activity Since Feb 22 (Closing Mar 24)

## Transactions

1 Transactions

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| Mar 2<br>Pending | **EDVA PAYGOV PAYMENTS**<br>401 COURTHOUSE SQ<br><br>ALEXANDRIA<br>VA<br>22314 | $402.00 |

**EDVA PAYGOV PAYMENTS**

Will appear on your Mar 2, 2021 statement as EDVA PAYGOV PAYMENTS

METHOD
Card used online

CARD
MARK DIX

REWARDS
You'll be able to see Rewards information for an eligible charge within 5 days of the charge posting to your account. Please check back later.